UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DALE E. FREDERICKS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD D. LEE and THOMAS L. KIRKHAM, JR., individuals,<br><br>Defendants. | Case No. 3:23-cv-00039-LRH-CLB<br><br>ORDER |

Plaintiff Dale E. Fredericks initiated this action in Second Judicial District Court of the State of Nevada on December 22, 2022. Defendants Richard D. Lee and Thomas L. Kirkham, Jr. filed a petition for removal (ECF No. 1) on January 27, 2023, asserting diversity jurisdiction. After review of the complaint, Defendants' petition for removal, and all briefing associated with Plaintiff's motion to remand, the Court finds that it has diversity jurisdiction over this cause of action.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). When a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). If

"it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In some cases, diversity jurisdiction is facially apparent from the complaint because the plaintiff claimed a sum greater than $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quotation omitted). But when it is not facially apparent, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quotation omitted).

Here, it is undisputed that the diversity of citizenship requirement is satisfied, leaving only the question of whether the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff alleges that he is owed compensation for his service as Evolve Lubricants, Inc.'s chief financial officer, assistant secretary, and director from April 2021 to November 2022. In his view, the amount in controversy in this case is only $15,000, the value of his option to purchase 300,000 common shares. As Defendants argue, however, $15,000 is merely the cost to exercise Plaintiff's option; it is not the value of the object of this litigation. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Defendants have proven by a preponderance of the evidence that the value of the 300,000 common shares at issue here exceeds $75,000. *See* ECF No. 35 (sealed).

Accordingly, the Court finds that it has diversity jurisdiction over this case and denies Plaintiff's motion to remand for lack of jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Documents Under Seal (ECF No. 34) is GRANTED as to ECF Nos. 35, 36.

IT IS SO ORDERED.

DATED this 29th day of August, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE