UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DALE E. FREDERICKS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD D. LEE, and THOMAS L. KIRKHAM, JR., individuals, <br><br> Defendants. | Case No. 3:23-cv-00039-LRH-CLB <br><br> ORDER |

Before the Court is Defendants Richard D. Lee and Thomas L. Kirkham, Jr.'s (collectively, "Defendants") Motion to Dismiss. ECF No. 10. Plaintiff Dale E. Fredericks ("Plaintiff") filed a response in opposition to the motion (ECF No. 16-s) and Defendants replied (ECF No. 22).[1] Also before the Court is Plaintiff's Motion to Disqualify Counsel. ECF No. 14. Defendants filed a response in opposition to the motion to disqualify and requested oral argument. ECF No. 21. Plaintiff replied (ECF No. 29) before Defendants filed a Motion for Leave to File a Surreply (ECF No. 30). Plaintiff opposed the motion for leave to file a surreply. ECF No. 31. The Court denies Defendants' request for oral argument regarding the motion to disqualify. For the reasons articulated herein, the Court grants Defendants' motion to dismiss without prejudice. Accordingly, the Court denies the motion to disqualify and the motion for leave to file a surreply as moot.

---

[1] The Court refers to sealed pleadings with an "-s" designation. Plaintiff's opposition response to Defendants' motion to dismiss is a sealed document. While the Court prefers to keep all sealed information confidential, some of it is necessary to resolve the pending motion. The Court includes some information unredacted in this Order where appropriate. The Court recognizes that the parties have privacy interests in the confidential information, but the public has even greater interest in the reasoning behind the Court's Order today.

1

I.     BACKGROUND

This matter primarily involves an oral contract between a corporation's board of directors, which allegedly contemplated one of the director's positions within the corporation, and a future stock option purchase. According to Plaintiff, Defendants formed a limited liability company in California for the purpose of owning, developing, and capitalizing on technology and inventions for making high-quality lubricants in 2014. ECF No. 1-2 at 4. In February of 2021, Defendants were introduced to Plaintiff by a third party for the purpose of discussing the formation of a new business entity that would expand and grow the efforts of Defendants' limited liability company. *Id*. at 5. After strategizing, the parties joined forces and incorporated Evolve Lubricants, Inc. ("Evolve") in Delaware on April 21, 2021. *Id*. at 6, 7. The parties named Washoe County of Reno, Nevada, as Evolve's principal place of business. *Id*. at 6.

Prior to incorporation, Plaintiff alleges that the parties orally agreed to various matters concerning the inner dealings of Evolve. *Id*. at 6, 7. This oral agreement is alleged to have included the following: (1) Evolve would be governed by a three-person board of directors consisting of Plaintiff and Defendants; (2) each director would serve until either he voluntarily resigned, or his resignation was part of a future financing deal; (3) Defendant Lee would be appointed as the corporation's Chief Executive Officer ("CEO"); (4) Plaintiff would be appointed as Evolve's Chief Financial Officer ("CFO") and Assistant Secretary; (5) Defendant Kirkham Jr. would not be a corporate officer or employee; (6) Plaintiff would not receive a salary or become an employee but instead be granted stock options at a later date once a Stock Plan was adopted but prior to outside capital raise; and (7) Defendants would sell Plaintiff common shares in Evolve so that Plaintiff would then own ten percent (10%) of the company. *Id*.

On April 30, 2021, the parties held an organizational meeting at which the three were elected to Evolve's Board of Directors, Defendant Lee was appointed CEO and President, and Plaintiff was appointed CFO and Assistant Secretary. *Id*. at 7. On May 1, 2021, Plaintiff purchased 200,000 Evolve common shares from Defendant Lee and 800,000 Evolve common shares from Defendant Kirkham Jr. for which Defendants each received $25,000. *Id*. By May of 2021, the parties successfully raised over $500,000 startup capital, including $75,000 from Plaintiff and

Plaintiff's family. *Id*. at 8. During September and October of 2022, there were reasonable prospects for Evolve to attract substantial equity financing from institutional or private equity investors at which point Plaintiff requested Defendants grant him 300,000 common stock options available for issuance under the Stock Plan at an exercise price of $0.05 per share. *Id*. Plaintiff alleges that Defendants refused the request and failed to take action to cause the stock options to be granted. *Id*. Plaintiff claims that, on November 5, 2022, Defendants removed him as a director of Evolve which was prohibited under the parties' shareholder agreement. *Id*. Plaintiff also claims that, on November 8, 2022, Defendants removed him as CFO of Evolve and all other officer positions he held, also prohibited under the parties' shareholder agreement. *Id*.

On December 21, 2022, Plaintiff filed his Complaint in the Second Judicial District Court of the State of Nevada in and for Washoe County. *See generally* ECF No. 1-2. Plaintiff's Complaint alleges four causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) constructive trust – fraud; and (4) declaratory relief. *Id*. at 9–13. Plaintiff primarily seeks specific performance of Defendants' obligations under the alleged oral agreement, so that (1) Defendants reinstate him as a director, and (2) Defendants grant him an option to purchase 300,000 Evolve common shares at an exercise price of $0.05 per share. *Id*. at 9, 10. Alternatively, Plaintiff seeks a constructive trust be ordered on 150,000 common shares owned by each of Defendants for Plaintiff's benefit. *Id*. at 12.

On January 27, 2023, Defendants removed the matter based on 28 U.S.C. §§ 1332(a), 1441, and 1446. *See generally* ECF No. 1. On August 29, 2023, the Court denied Plaintiff's motion to remand. *See generally* ECF No. 43. There are three motions now pending before the Court: first, Defendants' motion to dismiss (ECF No. 10); second, Plaintiff's motion to disqualify counsel (ECF No. 14); and third, Defendants' motion for leave to file a surreply (ECF No. 30). Defendants' motion to dismiss is addressed below.

## II.   LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can

be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678–79 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations and citations omitted)). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the [c]omplaint, a court may consider evidence on which the complaint necessarily

relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels—Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations and citations omitted). The court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Under Federal Rule Civil Procedure 9(b) "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Rule 9(b) demands that the circumstances constituting the "alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)). Therefore, claims of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted). "Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Id*. at 1105. General pleadings of fraud supported by neutral facts do not meet the heightened pleading standard of Rule 9(b). *Kearns*, 567 F.3d at 1124, 1127. A motion to dismiss a claim or complaint of fraud under Rule 9(b) for failure to plead with particularity is the "functional equivalent" of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Vess*, 317 F.3d at 1107.

### III.   DISCUSSION

In their motion, Defendants argue that Plaintiff's Complaint should be dismissed for two reasons. First, Defendants claim that Evolve's Certificate of Incorporation contains a forum selection clause that requires Plaintiff's claims to be litigated in Delaware's Court of Chancery. ECF No. 10 at 6. Second, Defendants claim that Plaintiff fails to state a claim for relief because he does not allege facts establishing that the parties validly formed an enforceable contract. *Id*. at 7. In response, Plaintiff argues that the forum is appropriate in Nevada because Evolve is not a party to this action, only Defendants as individuals are, which means the forum selection clause is not

triggered. ECF No. 16-s at 2. Plaintiff also argues that he has met the pleading burden to survive a motion to dismiss because he provides facts that establish an enforceable oral contract in support of his claims. *Id*. The Court addresses the forum selection clause argument below.

It is undisputed that Evolve's Articles of Incorporation contains the following forum selection clause:

> Unless the Company consents in writing to the selection of an alternative forum, the Court of Chancery in the State of Delaware will be the sole and exclusive forum for any Stockholder (including a beneficial owner) to bring (i) any derivative action or proceeding brought on behalf of the Company, (ii) any action asserting a claim of breach of fiduciary duty owed by any Director, officer or other employee of the Company to the Company or the Stockholders, (iii) any action asserting a claim against the Company, the Directors, officers or employees arising pursuant to any provision of the DGCL or this Certificate of Incorporation or the Bylaws, or (iv) any action asserting a claim against the Company, the Directors, officers or employees governed by the internal affairs doctrine, except for, as to each of (i) through (iv) above, any claim as to which the Court of Chancery determines that there is an indispensable party not subject to the jurisdiction of the Court of Chancery (and the indispensable party does not consent to the personal jurisdiction of the Court of Chancery within ten days following such determination), which is vested in the exclusive jurisdiction of a court or forum other than the Court of Chancery, or for which the Court of Chancery does not have subject matter jurisdiction.

ECF No. 16-s at 8, 9. Under this forum selection clause, any action brought by a stockholder that falls within one of the four enumerated categories, and does not fall within the recognized jurisdictional exceptions, will be litigated in the Court of Chancery in the State of Delaware, unless consent in writing is provided by Evolve. *See id*.

In their motion, Defendants argue that the Delaware Court of Chancery is the sole and exclusive forum for this dispute because it is an action filed by a stockholder asserting claims that fall within the four enumerated categories. ECF No. 10 at 12–14. Specifically, Defendants argue that Plaintiff's claims squarely implicate category "(iv)" of the forum selection clause because they are claims brought by a shareholder, against Directors, governed by the internal affairs doctrine. *Id*. In response, Plaintiff argues that the forum selection clause does not apply because his claims are not formally against Directors of Evolve which means the internal affairs doctrine is not implicated in this action. ECF No. 16-s at 9, 10. Rather, Plaintiff claims that he initiated this action against Defendants in their individual capacities as shareholders. *Id*. at 10, 11. In reply, Defendants argue that the Complaint clearly establishes Plaintiff's claims are premised on Defendants'

conduct as Directors, not shareholders, which means this matter involves claims against Directors under Evolve's forum section clause. ECF No. 22 at 7.

The parties dispute the scope and applicability of Evolve's forum selection clause. Federal district courts apply federal contract law to interpret the scope of a forum-selection clause in diversity actions. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018), holding modified by *Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023) (citation omitted); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Federal law mandates that courts start an interpretation inquiry by reviewing the contract's plain language and ascribing common or normal meaning to the language as it appears absent circumstances that suggest special meaning should attach to it. *Simonoff*, 643 F.3d at 1205 (citations omitted). The plain language of Evolve's forum section clause makes unambiguously clear that the parties intended the "Court of Chancery in the State of Delaware" to be "the sole and exclusive forum for any Stockholder" when that stockholder brings certain types of claims, and no jurisdictional issues persist. *See* ECF No. 16-s at 8, 9. This is the undisputed common meaning of the forum selection clause. It is undisputed that Plaintiff is a stockholder of Evolve. ECF No. 1-2 at 7. Thus, the issue becomes whether the type of claims Plaintiff brings in this action fall within one of the four enumerated claim categories that trigger the forum selection clause.

The Court finds that Plaintiff's claims are irrefutably against Evolve's Directors, even though they are masked as claims against individuals. Here, the actions underlying and giving rise to Plaintiff's claims are logically linked and causally connected to the actions taken by Defendants in their capacities as Directors of Evolve, not individuals. First, the Complaint alleges that a resolution adopted by "the board of directors" appointed Plaintiff as CFO and Assistant Secretary. ECF No. 1-2 at 7. Second, the Complaint states that "the remaining directors, including Defendants, executed a 'Unanimous Written Consent of the Board of Directors of Evolve Lubricants, Inc.' whereby said directors removed Plaintiff as CFO and from all other officer positions." *Id*. at 8. Third, Plaintiff claims that Defendants "refused to agree to said [stock options] request and failed to take action to cause the stock options to be granted." *Id*. These actions were

not performed by, and could not be performed by, Defendants as individuals; they only occurred via Defendants acting in their official capacities as Directors of Evolve. Moreover, most of the specific performance relief requested by Plaintiff can only be realized through Defendants acting in their official capacities as Evolve Directors. For example, Plaintiff seeks a Court order that Defendants specifically act to grant Plaintiff an option to purchase 300,000 common shares at an exercise price of $0.05 per share pursuant to Evolve's Stock Plan. ECF No. 1-2 at 10. As individuals, Defendants cannot provide the remedy Plaintiff requests. The only way such remedy is realized is for Defendants to act as Directors of Evolve and grant the stock option. Here, Plaintiff has no viable claims unless Defendants acted as Directors of Evolve nor is the relief he seeks attainable without Board action. The Court finds that Plaintiff's claims are logically connected to Defendants' actions as Directors of Evolve which causes them to be claims against "the Directors" of the corporation. *See Sun*, 901 F.3d at 1086, 1087 (finding that plaintiffs' claims were logically connected to the share purchase agreement and subject to a forum selection clause because plaintiffs invested pursuant to that agreement and the complaint alleged that defendants controlled the investment purchase pursuant to that agreement), holding modified by *Lee*, 70 F.4th 1129.

The Cout also finds that Plaintiff's claims are governed by the internal affairs doctrine. According to the doctrine, "a court—state or federal—sitting in one State will . . . decline to interfere with or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another state" and "will leave controversies as to such matters to the courts of the state of the domicile." *Rogers v. Guar. Tr. Co. of New York*, 288 U.S. 123, 130 (1933). Put alternatively, "matters peculiar to the relationships among a corporation, its officers, its directors and its stockholders are considered to be internal affairs of the corporation" that "are governed by the law of the state of its incorporation." *Horwitz v. Sw. Forest Indus., Inc.*, 612 F. Supp. 179, 182 (D. Nev. Jun. 21, 1985). Delaware law mimics this notion and "requires that the law of the state of incorporation should determine issues relating to internal corporate affairs." *McDermott Inc. v. Lewis*, 531 A.2d 206, 215 (Del. 1987). Issuance of stock, and stock options in general, are considered internal affairs of the corporation and "shall be governed by laws of state of its organization." *Rogers*, 288 U.S. at 129, 130.

Here, there is no question that Evolve is incorporated in Delaware and that this matter majorly revolves around an alleged stock option that was never granted to Plaintiff by Defendants according to Evolve's Stock Plan. Thus, this matter is governed by the internal affairs doctrine because it concerns stock options and matters peculiar to the relationships between two directors and a former director of Evolve, a Delaware corporation. The Court finds that Plaintiff's claims are governed by the internal affairs doctrine and, as such, Delaware law controls. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1527 (9th Cir. 1985) (holding that Delaware law controls plaintiffs' indemnification rights because defendant was a Delaware corporation).

However, an issue remains as to whether the forum selection clause is enforceable. Forum selection clauses are appropriately enforced through the doctrine of *forum non conveniens*. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id*. at 62. However, an exception to this general rule lies where the plaintiff can establish "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor[s] a transfer." *Id*. at 52. Plaintiff bears the burden of showing the transfer to the selected forum is unwarranted.[2] *Id*. at 64. The plaintiff may satisfy this burden by making a strong showing that: "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Sun*, 901 F.3d at 1088, holding modified by *Lee*, 70 F.4th 1129 (citations and quotations omitted). Here, Plaintiff presents no arguments or support for any of these three factors. Instead, Plaintiff's opposition is dedicated to the inapplicability of the forum selection clause, an issue the Court has already addressed today. Accordingly, the Court finds that Plaintiff fails to

---

[2] The Court notes that by enforcing the current forum selection clause, the present action would be transferred from a federal forum to a non-federal forum. Courts "should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 61 (citation omitted). Therefore, the enforceability analysis remains the same.

carry his burden of establishing that this matter is one of extraordinary circumstances which disfavor enforcement of the forum selection clause.

A final enforcement issue persists because courts must not enforce a forum selection clause when the contractually selected forum affords the plaintiff no remedies whatsoever. *See Sun*, 901 F.3d at 1092 (citation omitted), holding modified by *Lee*, 70 F.4th 1129. Here, Plaintiff argues that Delaware Corporation Code § 218 *et seq*. allows for private contractual agreements concerning voting rights among shareholders. ECF No. 16-s at 10, 11. While Defendants disagree with this interpretation, it potentially provides a basis for Plaintiff's claims and potential relief. Here, the Court's inquiry is restricted to the availability of the remedy, not a prediction of whether the remedy will be awarded. *See Sun*, 901 F.3d at 1092 (reasoning that the availability of a remedy matters in determining the enforceability of a forum selection clause, not "predictions of the likelihood of a win on the merits" (citation omitted)), holding modified by *Lee*, 70 F.4th 1129. The Court is satisfied that remedies are potentially available for Plaintiff in the Delaware Court of Chancery.

For the reasons articulated herein, the Court enforces the parties' forum selection clause. At its heart, this is a matter brought by an Evolve shareholder against two Directors of the corporation for conduct carried out in their corporate capacities. Furthermore, the specific remedies Plaintiff expressly requests are not attainable unless Defendants act in their director capacities. Lastly, because this matter concerns stock options and the peculiar relationships between current Directors and a shareholder of a Delaware corporation, this matter is governed by the internal affairs doctrine. Accordingly, the Court grants Defendants' motion to dismiss without prejudice based on *forum non conveniens*. If desired, Plaintiff shall refile his claims in the Court of Chancery in the State of Delaware as per the valid forum selection clause in Evolve's Articles of Incorporation.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (ECF No. 10) is **GRANTED** without prejudice. If desired, Plaintiff is directed to bring his claims in the Court of Chancery in the State of Delaware.

IT IS FURTHER ORDERED that Plaintiff's motion to disqualify (ECF No. 14) is **DENIED** as moot.

IT IS FURTHER ORDERED that Defendants' motion for leave to file a surreply (ECF No. 30) as to Plaintiff's motion to disqualify is **DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED this 11th day of September, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE